# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs September 10, 2015

## STATE OF TENNESSEE v. ADRIAN ANTONIO JONES

**Appeal from the Circuit Court for Franklin County**
**Nos. 8555, 8775, 9770, 10,108B     Thomas W. Graham, Judge**

_____

**No. M2015-00307-CCA-R3-CD- Filed November 12, 2015**

_____

The Defendant, Adrian Antonio Jones, pleaded guilty to several drug and other offenses occurring between 1992 and 1994. According to plea agreements, he was granted concurrent sentencing. In 2014, the Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1 alleging that his concurrent sentencing for two of his pleas was illegal and that, since any subsequent sentencing was based upon his illegal sentence that those sentences are also "illegal." The trial court agreed that one of his convictions was statutorily required to run consecutively, and it granted his Rule 36.1 relief as to case number 8775. The trial court held, however, that the other sentences were not illegal as they did not violate any statute. After a thorough review of the record and applicable law, we affirm the trial court's judgment.

## Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

Glen A. Isbell (on appeal), and Edward E. Crenshaw (at hearing), Winchester, Tennessee, and for the appellant, Adrian Antonio Jones.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel; J. Michael Taylor, District Attorney General; and Steven M. Blount, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts and Procedural History

This case arises from multiple offenses committed by the Defendant, most of

which occurred in 1992 and 1993. On November 24, 1992, in case number 8555, officers arrested the Defendant for one count of exceeding the speed limit and one count of possessing cocaine with the intent to sell. The affidavit of complaint stated:

> On 11-24-92 around 5:37 p.m. the Veh[icle] [the Defendant] was driving was stopped because the car he was driving was doing 66 mph in a 45 mph zone. He was traveling on 41 A Bypass. A search of the subject car was made. Found inside the car was a plastic bag with crack cocaine in it. The plastic bag was found[] on the passenger side of the floor board under the seat. Two smaller rocks were found on the driver[’s] side in the floor board of the car. [The Defendant] was charged with speeding and poss[ession] of a Controlled Substance (to wit crack cocaine).

On November 25, 1992, the Defendant was placed on a bond in the amount of $3,000.

While on bond, on July 5, 1993, the Defendant was arrested for possession of cocaine with the intent to sell or deliver in case number 8775. The affidavit of complaint stated:

> On 7-5-93 Officers [r]ec[ieved] information that [the Defendant] was selling crack down at the Cabin. Officer Rollins spotted the [D]efendant sitting on the back porch of a house across from The Cabin. He threw a small plastic bag behind him on the porch. The subject got up and walked away as Officer Rollins and Sgt. Mantooth got out of their veh[icles]. Officer Rollins walked over and picked it up. There w[ere] three rocks of crack cocaine in the bag.

The Defendant was charged with felony possession of cocaine in case number 8775, and on July 7, 1993, the Defendant was placed on bond in the amount of $6,000.

On August 5, 1993, the Defendant pleaded guilty in case number 8555 to the lesser-included offense of misdemeanor simple possession of cocaine. The trial court sentenced him to two weeks in the county jail, followed by eleven months and twenty-nine days of probation with "MTSS," and it ordered that he must submit to drug screens while on probation.

On December 6, 1993, the Defendant's probation officer filed an affidavit alleging that the Defendant had violated his probation in case number 8555 by receiving new drug charges. The trial court issued a warrant for the Defendant's arrest. That same day, the trial court placed the Defendant on a $5,000 bond. The Defendant failed to appear, and

the trial court issued a capias. The Defendant then appeared, and the trial court placed him on an additional $1,000 bond.

On March 8, 1994, in case number 8555, the trial court issued an order finding that the Defendant had violated the terms of his probation by being charged with new criminal charges and by having positive drug screens. The trial court sentenced the Defendant to thirty days in jail, removed him from his probation with MTSS, and placed him on "State Probation in case #8775." On that same date, in case number 8775, the Defendant pled guilty to possession of cocaine with the intent to sell or deliver, a class C felony. The trial court sentenced the Defendant to four years and six months of probation, to run concurrently with the Defendant's probation in case number 8555.

On May 31, 1994, the Defendant was arrested for possession of cocaine and possession of marijuana. This case, when indicted in September 1994, was assigned case number 9770. The officer's report about this case stated that:

> On May 31, 1994, around 7:06 p.m. we got information that the [D]efendant was at Garden Park Ap[artments] selling crack cocaine. As we approached the [D]efendant he took off running, we took foot and vehicle pursuit after, as he was running [the officer] saw him throw a container, we ran him for about 150 yards and caught him. We went back to the location where he [had thrown] the container and found a Busch Beer Cap bent with about $140.00 of crack cocaine. The beer cap was used to keep the crack being used as paraphernalia. We also found two (2) marijuana cigarettes.

On August 1, 1994, the Defendant's probation officer filed an affidavit stating that he had violated his probation. The affidavit stated that the Defendant had been arrested for the following:

| | |
|---|---|
| 03/13/94 | Driving on Suspended License |
| 05/31/94 | Felonious Possession of Schedule II, Controlled Substance |
| | Simple Possession of a Schedule VI, Controlled Substance |
| | Possession o[f] Drug Paraphernalia |
| 07/08/94 | Simple Possession of Schedule II, Controlled Substance B as a result of sealed indictment. |
| 07/08/94 | Simple Possession Schedule VI B Controlled Substance |

The probation officer listed the history of supervision to include that in the time between when the Defendant was sentenced to probation on March 8, 1994, and when he reported to jail, he was arrested on the occasions and for the offenses listed above. The probation officer noted that the Defendant had "generally ignored his probationary status" and not

paid anything toward court costs or his fine. The trial court issued a warrant for the Defendant's arrest; he was arrested and released on a $5,000 bond.

On October 21, 1994, the Defendant pleaded guilty in case number 9770 to possession of cocaine, a class C felony. The trial court sentenced the Defendant to serve thirty days in jail followed by five years of community corrections. On that same date, the trial court revoked the Defendant's probation in case 8775. It ordered the Defendant to serve thirty days in jail with the balance of his sentence to be served on community corrections. The trial court ordered that his sentence be served concurrently with the Defendant's sentence for case number 9770.

On December 6, 1994, the Defendant was arrested for four counts of possession of cocaine in case number 10108B.

On January 13, 1995, the Defendant's community corrections officer filed an affidavit alleging that the Defendant had violated the conditions of his community corrections sentence. The affidavit alleged that the Defendant had received new criminal charges. On February 2, 1995, the Defendant's community corrections officer filed a second affidavit alleging that the Defendant had absconded from supervision.

On March 14, 1995, the Defendant pled guilty in case number 10,108B to delivery of cocaine, a class C felony. The trial court revoked the Defendant's community corrections status, and it ordered that the Defendant serve six years in the Tennessee Department of Correction. The trial court ordered this sentence to run concurrently with the Defendant's sentences in case numbers 9770 and 8775.

On August 9, 1995, the Defendant was returned to state probation from boot camp. On November 20, 1995, the Defendant was, apparently, not in custody, and his probation officer in case number 9770 filed a probation violation affidavit. It alleged that the Defendant had not complied with the terms of probation by not finding or attempting to find employment and for failing to pay required fees. The trial court issued a warrant, and, on March 1, 1996, the Defendant was released on bond in the amount of $2,000, for the probation violation charge. On March 15, 1995, the trial court revoked the Defendant's community corrections status in case number 9770, and it ordered him to serve ten days in jail and then be placed back on state probation. On October 12, 1996, the Defendant's probation officer in case numbered 9770 filed an affidavit alleging that the Defendant had violated his probation by being charged with a new drug offense, case number 11,271. The trial court issued a warrant, the Defendant was arrested, and, on December 13, 1996, the Defendant was released on a $2,500 bond.

On January 22, 1997, the Defendant's probation officer filed a probation violation

report, listing the applicable case numbers as 10108B, 8775, and 9770. The report alleged that the Defendant had pleaded guilty to a no driver's license charge on May 23, 1996, and that he had pleaded guilty to resisting arrest on October 2, 1996. The report further alleged that the Defendant had been charged with possession of cocaine on September 10, 1996, and for driving on a suspended license on January 1, 1997.

On April 17, 1998, the Defendant was arrested for aggravated assault for shooting another man on April 16, 1998. The Defendant's probation officer filed a probation violation affidavit, the trial court issued a warrant, and it revoked the Defendant's probation, ordering him to serve his sentence in confinement with credit for the time he had served incarcerated, on community corrections, or at boot camp.

On August 15, 2014, the Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. He noted his four cases, numbers 8555, 8775, 9770, and 10,108B and stated that he entered his guilty pleas in exchange for concurrent sentencing. He contended that, because he was on bond for one offense when he committed his subsequent offenses, consecutive sentencing was mandatory. He states that, therefore, his sentences are illegal because he was given concurrent sentences.

On January 29, 2015, the trial court held a hearing on the motion. At the hearing, the State informed the trial court that the Defendant was in Federal custody on unrelated charges. His state sentences and convictions were used to enhance his Federal sentence, and so it appeared that the Defendant was attempting to attack his state convictions in an attempt to reduce his Federal sentence. The only method available to him was to file a motion to correct an illegal sentence, as his statute of limitations had run for any other filings.

The State agreed that the Defendant's conviction in case number 8775 was "suspect" because it violated the statute requiring consecutive sentencing and that the Defendant was, therefore, likely entitled to Rule 36.1 relief as to that sentence. It further averred, however, that the other concurrent sentences did not violate any statute. The State said the Defendant was presenting a "fruit of the poisonous tree" argument that was not applicable to Rule 36.1. The State noted that the Defendant was not on bond when he committed the subsequent offenses but was serving a probationary sentence. The State asserted that there was no law that required consecutive sentencing when a subsequent offense was committed while a defendant was on probation.

The Defendant's counsel contended that the Defendant's plea in case numbers 8775, 9770, and 10,108B were part of a "package deal" and that, since one constituted an "illegal sentence" then the whole deal had to be set aside. The Defendant's counsel said

that the trial court should nullify all the Defendant's sentences because the Defendant based his future pleas on the illegal sentence.

On April 13, 2015, the trial court issued an order on the Defendant's motion to correct an illegal sentence. The order stated:

> [T]he Court enters this Order to properly set forth the Court's findings and rulings of [the] January 29, 2015 [hearing].
>
> 1. The [D]efendant's argument that his sentence in Case No. 8775 is illegal appears to be correct. The [D]efendant was charged for a felony drug offense (which became Case No. 8555) on 11/24/92. The [D]efendant was charged with another felony drug offense (which became Case No. 8775) on 7/5/93 and made a bond on 7/7/93. The [D]efendant then pled to a misdemeanor in Case No. 8555 on 8/5/93. The [D]efendant later pled to a felony in Case No. 8775 on 3/8/94 and the sentence in Case No. 8775 was ordered to run concurrent to the sentence in Case No. 8555. It appears that the judgment in Case No. 8775 should have required the sentence in Case No. 8775 to be served consecutive to the sentence in Case No. 8555. The [D]efendant was charged with a felony (Case No. 8555), he made bond, he committed another felony while on bond (Case No. 8775), and he was then convicted of both. Under those circumstances, the sentences must run consecutive[ly].
>
> 2. The [D]efendant's claim that his sentences in Case Nos. 8555, 9770, and 10108-B are illegal because of TCA 40-20-111 and TRCP 32(c)(3) is incorrect. The [D]efendant has failed to make a "colorable claim" under Rule 36.1 as to the sentences in Case Nos. 855[5], 9770 and 10108-B. TCA 40-20-111 and TRCP 32(c)(3) deal with situations where consecutive sentences are mandatory, such as when a person is charged with a felony, makes bond, commits another felony while on bond, and is then convicted of both. Under those circumstances, the sentences must run consecutive[ly]. The Defendant's actual situation in Case Nos. 8555, 9770 and 10108-B is completely different. The [D]efendant did not commit a subsequent felony while he was released on bail for a previous felony. When the [D]efendant committed the crime in Case No. 8555, he was not on bond for a previous offense. When the [D]efendant committed the crime in Case No. 9770, he was on probation . . . but was not on bond for a previous offense. When the [D]efendant committed the crime in Case No. 10108-B, he was on probation . . . but was not on bond for a previous offense. There was no requirement that the [D]efendant's sentences in

6

Case Nos. 8555, 9770, 10108-B be served consecutively. The [D]efendant's concurrent sentences in those cases were appropriate under TCA 40-35-15.

WHEREFORE, the Court hereby again ORDERS as follows:

1. That the [D]efendant's Rule 36.1 Motion be denied and dismissed as to the sentences in Case Nos. 8555, 9770, 10108-B.

2. That the [D]efendant's Rule 36.1 Motion is granted as to the sentence in Case No. 8775. The Judgment previously entered in Case No. 8775 is void.

3. That the Court's findings stated on the record in open Court on January 29, 2015, are incorporated herein.

4. That the Court notes that [the D]efendant's previously appointed counsel, Ed Crenshaw, was allowed to withdraw and that new counsel, Glen Isbell, has been appointed to assist the [D]efendant in the appeal in this matter. . . .

It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant acknowledges that the trial court granted him Rule 36.1 relief with regard to case number 8775 but contends that the trial court erred when it dismissed his motion with regard to case numbers 9770 and 10,108B. He states that he was improperly sentenced to concurrent sentences and that he should have been sentenced to consecutive sentences. He states that he should have the opportunity to withdraw his guilty pleas. Specifically, the Defendant contends that, when he entered his guilty plea in case numbers 9770 and 10,108B, he did so based upon his sentence in case 8775, which the trial court had found was illegal. He argues that, because his pleas in 9770 and 10,108B were entered based in contemplation of a sentence that had later been found to be illegal, he should be entitled to Rule 36.1 relief from the judgments of conviction for cases 9770 and 10,108B. The State counters that the Defendant has not presented a colorable claim for relief.

Tennessee Rule of Criminal Procedure 36.1 provides as follows:

(a) Either the defendant or the state may, at any time, seek the correction of

7

an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

(c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

(2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended uniform judgment document, *see* Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

(3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

(4) If the illegal sentence was entered pursuant to a plea agreement, and if the court finds that the illegal provision was not a material component of the plea agreement, then the court shall enter an amended uniform judgment document setting forth the correct sentence.

A rule 36.1 motion is a remedy separate and distinct from habeas corpus or post-conviction relief. *See State v. Jonathan T. Deal*, No. E2013-02623-CCA-R3-CD, 2014 WL 2802910, at *2 (Tenn. Crim. App., at Knoxville, June 17, 2014), *no Tenn. R. App. P. 11 application filed*. As such, a Rule 36.1 motion should only be summarily denied

where the motion fails to state a colorable claim for relief. This Court has defined a colorable claim as a claim "that, if taken as true, in the light most favorable to the [defendant], would entitle [defendant] to relief." *State v. David Morrow*, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at *2 (Tenn. Crim. App., at Jackson, Aug. 13, 2014) (quoting Tenn. Sup. Ct. R. 28, § 2(H)) (brackets and alterations in original), *no Tenn. R. App. P. 11 application filed*. The following are examples of illegal sentences: (1) a sentence imposed pursuant to an inapplicable statutory scheme; (2) a sentence designating a [Release Eligibility Date (RED)] where a RED is specifically prohibited by statute; (3) a sentence ordered to be served concurrently where statutorily required to be served consecutively; and (4) a sentence not authorized for the offense by any statute. *Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2010) (internal citations omitted).

The Defendant's assertions in this case, taken as true and in the light most favorable to him, would not state a colorable claim for relief. The trial court granted the Defendant relief as to conviction 8775, finding that his sentence was illegal because the Defendant received concurrent sentences, rather than the statutorily required consecutive sentences for crimes committed while released on bond. *See id*. The trial court did not find compelling the Defendant's claim that, because he entered his pleas of guilt in case numbers 9770 and 10,108B in contemplation of the illegal sentence in 8775, those sentences were also illegal. We also do not find this argument compelling. The Defendant committed the offenses that were the basis for case numbers 9770 and 10,108B while he was on probation for case numbers 8555 and 8775. There is no statute that requires consecutive sentencing under these circumstances. He pleaded to offenses in case numbers 9770 and 10,108B and received sentences that the trial court ordered to run concurrently with his sentence in case number 8775.

While the sentence in case number 8775 has now been found to be illegal by the trial court, Rule 36.1 does not provide for or contemplate that subsequent convictions and sentences, which the Defendant asserts he entered based in contemplation of the illegal sentence, also be "illegal." The advisory commission comments to Rule 36.1, a relatively new rule, state that it "was adopted to provide a mechanism for the defendant or the State to seek to correct an illegal sentence." Tenn. R. Crim. P. 36.1 *advisory comm'n cmts*. The rule lists a specific set of enumerated circumstances when a sentence is deemed illegal. Those circumstances define an illegal sentence as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." The sentences in cases 9770 and 10,108B do not meet the rule's definition of an illegal sentence. The Defendant, therefore, is not entitled to relief.

### III. Conclusion

In accordance with the foregoing reasoning and authorities, we affirm the judgment of the trial court.

_____

ROBERT W. WEDEMEYER, JUDGE